

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00045-CR

---

MATTHEW BAIRD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1,568,235D, Honorable George Gallagher, Presiding

---

January 5, 2022

## MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and DOSS, JJ.

A jury convicted Matthew Baird of continuous sexual abuse of a child under fourteen. Appellant raises two issues on review. First, he questions the facial constitutionality of the underlying criminal statute. Second, he alleges that the trial court

abused its discretion by admitting a cellphone video recording and accompanying testimony from law enforcement.  We affirm.[1]

### *Issue One*

Appellant initially asserts that the trial court erred in denying his motion to quash the indictment.  In the motion, he urged that § 21.02 of the Texas Penal Code was facially unconstitutional.  It criminalized the continuous sexual abuse of a child and purportedly was unconstitutional because it permitted a conviction without requiring juror unanimity as to the two or more acts of sexual abuse which were committed.  This exact contention was considered and rejected by numerous appellate courts, one of which was the Second Court of Appeals.  *See Pollock,* 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.) (observing that "this court and our sister courts have held that [section 21.02(d)] does not violate the state constitutional right to jury unanimity."); *Lewis v. State*, No. 02-10-00004-CR, 2011 Tex. App. LEXIS 5455, at *16–17 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication) ("[Section 21.02] does not violate any constitutional requirements for juror unanimity, and the trial court did not abuse its discretion by overruling Appellant's motion to dismiss or by not quashing the indictment.").  Being bound to follow the precedent of the court from which this appeal was transferred, we overrule appellant's first issue.

### *Issue Two*

Next, we address the contention that the trial court erred in admitting a video clip of someone masturbating on a child's buttocks.  Appellant argues that the propensity for

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

undue prejudice outweighs the probative value of the video and it should have been excluded under Texas Rule of Evidence 403. Assuming *arguendo* the trial court erred in admitting the video, we find the ruling to be harmless.

Appellate Rule 44.2(b) provides that error which does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). It does not have such an affect when the reviewing court has a fair assurance that the error did not influence the jury, or had but a slight effect on its decision. *Id.* at 280. In other words, nonconstitutional error is harmless if, after reviewing the entire record, we are reasonably assured the error did not influence the jury's verdict or its effect was slight. *West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd). And, if the same or similar evidence was admitted without objection elsewhere during the trial, the improper admission of the evidence does not have the requisite effect. *Id.* at 104–05.

Here, appellant gave a recorded statement, which was admitted into evidence. Through it, the jury heard him recount his version of a sexual interaction with the victim ("S.S."), which occurred in a bedroom. According to appellant, she lowered her underwear, he applied lotion to his finger and inserted it into her anus. When she expressed pain, he removed his finger. And, as S.S. lay on appellant's bed watching television, he masturbated and ejaculated on her buttocks. Thus, the jurors had before them evidence akin to the video content in question, and most importantly, appellant did

not complain on appeal about the trial court's decision to admit his own statement and admission.

S.S. also testified about an occasion when appellant told her to remove her clothing and lie on the bed. When she did, appellant masturbated and ejaculated on her shoulder. This evidence is similar to that which appellant complains of on appeal. And, like the jury being afforded the chance to hear his own statement, he withheld complaint to us about its admission.

Based upon the admission of the same or similar evidence elsewhere at trial, we conclude that the supposed error underlying issue two was harmless per *West*. *See also In re C.C.*, 476 S.W.3d 632, 637 (Tex. App.—Amarillo 2015, no pet.) (stating that "[e]rroneously admitted evidence is generally harmless when the same or similar evidence was admitted elsewhere and the appellant does not complain of it on appeal"). For that reason, we overrule his second issue.

Having overruled Appellant's issues, we affirm the judgment of the trial court.

Per Curiam

Do not publish.

4